Submitted on petition and memorandum August 17,
ballot title certified October 20, 1981

KENAGY et al,
*Petitioners,*
*v.*
PAULUS,
*Respondent.*

(SC 28013)

634 P2d 1331

James S. Coon, Portland, on the petition for petitioners.

Dave Frohnmayer, Attorney General, Salem, and William F. Gary, Solicitor General, John A. Reuling, Jr., Chief Counsel, and Max Rae, certified Law Clerk, Salem, on the memorandum for respondent.

PER CURIAM.

## PER CURIAM.

This is an original proceeding to review a ballot title under ORS 250.085.[1] An initiative petition has been filed with the Secretary of State which, if passed, would amend the constitution of Oregon to include the following provisions:

"The Constitution of the State of Oregon is amended herewith by creating a new Article to read as follows:

ARTICLE ONE. Private Property Reform.

(1) Establishes that PRIVATE PROPERTY and The Owners Thereof shall not be subject to any Regional, Political, Administrative, Sociological or Biological 'planning, zoning, regulation or control' except as specifically authorized by This Constitution, The Constitution of The United States of America or THIS AMENDMENT.

(2) Prohibits non-owners from voting on all issues relative to PRIVATE PROPERTY and the ownership and control thereof.

(3) Restores local option 'land use planning and zoning' of PRIVATE PROPERTY to THE PEOPLE of The Cities and Counties and their locally elected Representatives.

(4) Provides that no person (individual) shall be deprived of OWNERSHIP or CONTROL of PRIVATE PROPERTY without 'Due Process of Law'.

(5) Further provides that PRIVATE PROPERTY shall not be placed in jeopardy or taken for public use without FULL and JUST COMPENSATION.

(6) Limits Annual (ad valorem) Property Taxes on all privately owned real property to *one percent* of true cash value.

(7) Recognizes THE RIGHT of PRIVATE PROPERTY OWNERS to protect and defend their property from violation or trespass as 'a lawful right of ownership' that shall not be impaired or diminished.

---

[1] ORS 250.085 provides:

"(1) Any person dissatisfied with a ballot title for an initiated or referred measure filed with the Secretary of State by the Attorney General or Legislative Assembly, may petition the Supreme Court seeking a different title and stating the reasons the title filed with the court is insufficient or unfair.

"* * * * *.

"(3) The court shall review the title and measure to be initiated or referred, hear arguments, if any, and certify to the Secretary of State a title for the measure which meets the requirements of ORS 250.035."

(8) A two-thirds vote of all qualified electors will be required to alter or abolish this amendment or any part thereof.

(9) If any section, part, phrase or word hereof is, for any reason, held and proven to be invalid or unconstitutional, the remaining sections, words or phrases shall remain in full force and effect.

(10) This Amendment being necessary for the immediate preservation of The Public Peace, Health and Safety, AN EMERGENCY IS DECLARED TO EXIST and This Amendment takes effect immediately upon passage."

ORS 250.065 requires that the attorney general prepare a ballot title in accordance with ORS 250.035. ORS 250.035(1) provides:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words by which the measure is commonly referred to;

"(b) A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

The parties do not disagree as to the form of the caption or as to the form of the question and there is rather insubstantial disagreement as to the form of the "concise and impartial statement." The attorney general's statement is set forth below on the left, and the petitioners' suggested statement is set forth opposite.

*Attorney General Statement*

EXPLANATION: Amends state constitution. Bans most laws and rules stating what owners can do on or with their property. Bars non-owners from vote on property use questions. Limits taxes on private real property to one percent per year. Recognizes and bans limit on right to protect private property. Two-thirds vote needed to change or repeal amendment."

*Petitioners' Suggested Statement*

EXPLANATION: Amends state constitution. Bars state and regional land use planning and zoning laws. Bans most other laws and rules affecting private property and property owners. Restricts voting on matters affecting private property to owners of private property. Limits taxes on real property one percent (1%) per year. Recognizes and bans limits on right to protect private property. Requires two-thirds vote to change or repeal amendment."

The first and next-to-last sentences of the proposed explanatory statements are identical. There is an insignificant difference between the last sentences of the proposed statements. The only substantial dispute concerns the second and third sentences of the explanatory statement proposed by the attorney general.

Section (2) of the measure prohibits non-owners from voting "on all issues relative to PRIVATE PROPERTY." The third sentence of the attorney general's statement refers to voting on all "property use questions." He has suggested a change which will prevent any misunderstanding as to the type of property affected, which suggestion we accept. The second sentence of the explanatory statement should read: "Bars non-owners from voting on matters affecting private property."

Regarding the second sentence of the proposed explanatory statement of the attorney general, the petitioners assert that this sentence is defective because "it makes no clear reference to planning and zoning." The attorney general concedes that his draft makes no mention of planning or zoning, but points out that planning and zoning are just two of the areas affected by sections 1 and 3 of the proposed measure. The attorney general is correct. The measure, particularly section (1), is very broad and prohibits virtually all regulation or control, which is broader than only planning and zoning. The second sentence of the proposed explanation accurately reflects one of the chief purposes of the measure, ORS 250.035(1)(c), is easily read and understood, and conveys a meaning which would include land use planning and zoning, while avoiding the use of technical terms.

As amended above, the attorney general's draft is a concise, impartial, accurate and sufficient statement of the purpose of this measure. We certify to the Secretary of State a title for the measure as follows:

BANS MOST LAWS REGULATING
PROPERTY USE;
LIMITS PROPERTY TAX RATE

QUESTION: Shall most laws, rules limiting private property use be banned, and property tax rate be limited to 1% per year?

EXPLANATION: Amends state constitution. Bans most laws and rules stating what owners can do on or with their property. Bars non-owners from voting on matters affecting private property. Limits taxes on private real property to one percent per year. Recognizes and bans limit on right to protect private property. Two-thirds vote needed to change or repeal amendment.